UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


THOMAS MICHEL,                        )
                    Plaintiff         )
                                      )
                                      )
          v.                          )          Civil Action No. 10-30213-MAP
                                      )
                                      )
THE TOWN OF HAMPDEN, THE              )
HAMPDEN POLICE DEPARTMENT,            )
TODD ELY, MICHAEL COONEY,             )
WILLIAM JOY, DANIEL DEVINE AND        )
JEFF W. FARNSWORTH                    )
                    Defendants        )


REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS'
MOTION TO DISMISS (Document No. 14)
November 14, 2011

NEIMAN, U.S.M.J.

        Presently before the court is a motion to dismiss Counts One through Seven of

an eight-count complaint stemming from an encounter between Thomas Michel

("Plaintiff") and members of the Hampden Police Department.  Defendants are officers

Todd Ely, Michael Cooney, William Joy, Daniel Devine and Jeff Farnsworth in their

individual capacities (together, the "Hampden Officers"), as well as the Town of

Hampden and the Hampden Police Department (together, the "Town Defendants").  The

seven claims at issue in this motion appear in the complaint as follows: Count One, 42

U.S.C. § 1983, false arrest, malicious prosecution, unreasonable search, and excessive

force in violation of the Fourth, Fifth and/or Eighth Amendments against all Defendants;

Count Two, 42 U.S.C. § 1983, supervisory liability against the Town of Hampden,

Hampden Police Department and Farnsworth; Count Three, 42 U.S.C. § 1983, *Monell*

claims against the Town of Hampden, Hampden Police Department and Farnsworth; Count Four, Mass. Gen. Laws c. 12 § 11 I, violation of civil rights against all Defendants; Count Five, negligence against all Defendants; Count Six, negligent supervision against the Town of Hampden, Hampden Police Department and Farnsworth; and Count Seven, Mass. Gen. Laws c. 12 § 11 I, violation of civil rights against all Defendants. Count Eight, which Defendants do not challenge at this time, is a defamation claim against Farnsworth.

Defendants' motion has been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). At the motion hearing, Plaintiff admitted to several deficiencies in the complaint as pleaded, resulting in the voluntary dismissal of the following parties and counts: the Hampden Police Department from all counts, Jeff Farnsworth from Count Three, and the Town of Hampden from Count Four. Plaintiff also voluntarily dismissed his claim of false arrest from Count One and, as well, confirmed that Count Seven is identical to Count Four and, as such, should be dismissed. For the reasons which follow, the court will recommend allowing the remaining parts of Defendants' motion to dismiss, but in part only.

## I. FACTUAL BACKGROUND

The following facts come from Plaintiff's complaint and are viewed in a light most favorable to him.

On September 4, 2007, Plaintiff's wife gave written and verbal statements to the Hampden Police Department accusing Plaintiff of choking her, holding a gun to her head, threatening to kill her and any police officers coming to help her, and ripping the telephone out of the wall to prevent her from calling for help. Plaintiff's wife also told the

2

Hampden Police that a Department of Social Services ("DSS") case worker was involved with her family, involvement Plaintiff claims was initiated as a result of his wife's drinking problem. The Police Department later called DSS and confirmed DSS's involvement.

A day later, on September 5, 2007, Plaintiff's neighbor called the Hampden Police to report that Plaintiff, apparently in an effort to retrieve his wife who was there visiting, came on the neighbor's property, yelled at someone and then spun-out his tires in the driveway before leaving. As a result of that call and/ or the prior statements made by Plaintiff's wife a day earlier, the Hampden Police obtained an arrest warrant from the Palmer District Court. At some point while the warrant was pending, the Hampden Police, presumably anticipating Plaintiff's imminent arrest and in what Plaintiff describes as an exaggeration of the seriousness of the situation, enlisted the help of the Massachusetts State Police STOP Unit, the Massachusetts State Police K-9 unit and a state police negotiator, warning them that Plaintiff was extremely dangerous.

In any event, Plaintiff, after leaving his neighbor's driveway, returned home. His wife joined him some time later, apparently returning from a two-day period of excessive drinking. It was this binge, Plaintiff claims, that prompted the outburst at his neighbor's house in an attempt to retrieve his wife. The next day at approximately 2:00 p.m., Plaintiff received a call from a Hampden police officer (not a named defendant here) asking him to come to the station to discuss statements made by his wife. Plaintiff agreed to do so, telling the officer that he would drive to the station after he showered. While Plaintiff was in the shower, however, the same officer called back and spoke to Plaintiff's wife, informing her that the police had detained two of their children at school

and asking her to bring the other children to the police station.  Plaintiff's wife informed the officer that she had been intoxicated when she gave the statement that, apparently, prompted the entire intervention; the officer responded by telling her to come to the station with the children to straighten everything out.  After ending the conversation, Plaintiff's wife admitted to Plaintiff that she could not remember the earlier statements she had made to the police.

Plaintiff then got into his car and was in the process of leaving his driveway when his car "came in contact" with an armored truck.  (Compl. ¶ 25.)  Upon exiting his vehicle, Plaintiff alleges, he was surrounded by police officers who ordered him to the ground.  Plaintiff, now claiming he was startled, remained standing, at which point Massachusetts State Troopers shot him with a beanbag using a twelve-gauge shotgun. Plaintiff was arrested and his children were placed in the custody of a DSS representative, who was on scene at the request of the Hampden Police Department. Following Plaintiff's arrest, the police searched his home and removed several licensed fire arms.

Subsequent to his arrest, Plaintiff relates, he was charged with assault and battery, threatening to commit a crime, assault and battery with a dangerous weapon and assault to commit murder.  All charges were dismissed by the District Attorney, in large part because Plaintiff's wife recanted her story, claiming she had no memory of the alleged assault and was intoxicated at the time she gave her initial statement to the police.  Plaintiff also claims that, as a result of his arrest and the subsequent legal proceedings, he was forced to retire from the Springfield Police Department and required treatment for severe anxiety and depression.

## II. STANDARD OF REVIEW

Although a complaint generally requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), a plaintiff still must allege enough facts so that the claim is "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007), *i.e.*, the factual content pled should "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In drawing such an inference, a court need not credit "bald assertions, unsupportable conclusions, and opprobrious epithets." *Campagna v. Mass. Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003) (quoting *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989)). "In short," as the First Circuit has explained, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

## III. DISCUSSION

A.    Count One: 42 USC § 1983

In light of the concessions made at the motion hearing, Count One presently consists of Section 1983 claims against the Hampden Officers and the Town of Hampden for violation of Plaintiff's Fourth and/or Fifth Amendment rights based on the search of his house and the use of excessive force in effectuating his arrest. In addition, there remains an Eighth Amendment claim for excessive bail as well as Plaintiff's request  that the court recognize a Section 1983 claim based on malicious

prosecution.[1]

Section 1983 provides a cause of action against any person who "under color of [state law] subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Liability under Section 1983 accrues if two elements are satisfied: first, a plaintiff must establish that a defendant acted under color of state law and deprived the plaintiff of rights secured by the Constitution or federal law; second, a plaintiff must show that "the defendant's conduct was the cause in fact of the alleged deprivation." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008) (quoting *Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997)). Here, there is no dispute that Defendants were acting under color of state law. Accordingly, the court will examine Count One of Plaintiff's complaint to determine whether he has stated a claim for violation of a constitutional right caused by the conduct of the Hampden Officers and/or the Town of Hampden.

1.

First, Plaintiff argues that his Fourth Amendment right to be free from "unreasonable searches and seizures" was violated as a result of (1) the use of excessive force in the course of his arrest and (2) by the subsequent search of his house without a warrant. The court addresses each assertion in turn.

---

[1]Under a separate count, Count Three, Plaintiff asserts liability against the Town of Hampden based on the alleged violation of the same rights asserted in Count One. In order to avoid redundancy, the court will treat Count Three as indistinguishable from Count One's claims against the Town of Hampden.

a.  Excessive Force Claim

A claim of excessive force is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  A determination of whether the force alleged is "objectively reasonable" requires "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Id.* (quoting *United States v. Place*, 462 U.S. 696 (1983)).  It is a "fact-intensive inquiry that is highly sensitive to the circumstances of the particular case," including such factors as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Jarrett v. Town of Yarmouth*, 331 F.3d 140, 147 - 48 (1st Cir. 2003).  To prevail on an excessive force claim, a plaintiff must establish that the defendant's actions "were objectively unreasonable in light of the circumstances and the facts known to the officer at the time."  *Calvi v. Knox County*, 470 F.3d 422, 428 (1st Cir. 2006).

In the court's view, Plaintiff has failed to state an excessive force claim because his complaint omits basic facts required to provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  At best, Plaintiff claims that he was backing out of his driveway when his truck "came in contact" with an armored vehicle.  Upon exiting his truck, Plaintiff was surrounded by police officers who told him to get on the ground.  Failing to do so immediately, Plaintiff was then shot by Massachusetts State Troopers with a beanbag using a twelve-gauge shotgun.  However, no Massachusetts State Troopers are named defendants in this

action, counsel having represented at the motion hearing that Plaintiff chose not to name them as defendants.   Thus, the entirety of Plaintiff's excessive force claim, appears to concern the Town of Hampden's use of police officers to surround and then arrest him.

The court, however, is unable to determine from the complaint whether the individual Hampden Officers named in this action were the police officers who surrounded Plaintiff, since he alleges only that he was surrounded by "police officers" upon exiting his vehicle.  (Compl. ¶ 26.)  When pressed to elucidate this claim at the motion hearing, Plaintiff's counsel was unable to confirm which, if any, of the named defendants participated in his arrest.

Even were the court to assume that the police officers who surrounded him are in fact the officers named here, it is clear from the complaint itself that their actions were objectively reasonable when assessed "from the perspective of a prototypical officer confronted with the same or similar circumstances."  *Calvi*, 470 F.3d at 428 (citing *Graham*, 490 U.S. at 396).  The facts alleged by Plaintiff simply assert that the officers at the scene arrested a man who had, according to his wife, threatened to kill her and "any officers coming to help her."  (Compl. ¶ 9.)  Those officers surrounded Plaintiff as he exited his car and then arrested him pursuant to a warrant.  That is the entirety of Plaintiff's excessive force claim.  There is no allegation that any officer had improper physical contact with Plaintiff or that the officers surrounding him prior to his arrest deviated from standard police practice.  *See, e.g.*, *Calvi*, 470 F.3d 422 (affirming summary judgment for police officer defendants charged with using excessive force for handcuffing plaintiff pursuant to standard police practice).

As a result, the court believes, Plaintiff has failed to allege sufficient facts to support a claim of excessive force in violation of his Fourth Amendment rights and, to that extent, the Hampden Officers' request to be dismissed from this claim should be allowed. It follows, therefore, that there is no excessive force claim for which to hold the Town of Hamden responsible; accordingly, the court recommends that the Town be dismissed from this claim as well.

b. Unreasonable Search Claim

As to Plaintiff's Fourth Amendment claim, based on the search of his house by "Hampden police" without a warrant, the complaint similarly fails to implicate the individually named Hampden Officers as those responsible. Given that uncertainty, the court will recommend that the Hampden Officers be dismissed from this claim as well. However, the court will recommend that the Town of Hampden's request to dismiss Plaintiff's Fourth Amendment claim against it be denied.

Although a municipality is considered a "person" for purposes of Section 1983 liability, it cannot be held liable on a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality's liability is limited to instances in which "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or instances of less formal actions that are nonetheless considered governmental "custom." *Id.* at 690-691. Thus, in order to state a claim under Section 1983 against a municipality, a plaintiff must allege that his constitutional rights were violated as a result of a governmental policy or custom.

Here, the constitutional right allegedly violated as a result of the Town of

Hampden's policy or custom is the right to be free from unreasonable searches. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . [and] . . . with few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no." *Kyllo v. United States*, 533 U.S. 27, 30-31 (2001). As the Supreme Court has explained, "[t]he exceptions are jealously and carefully drawn, and there must be a showing by those who seek exemption that the exigencies of the situation made that course imperative. The burden is on those seeking the exemption to show the need for it." *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971) (internal citations omitted).

Plaintiff alleges that, after arresting him in his driveway, Hampden police officers entered his house and searched it without a warrant. However, the Town, in response, offers no explanation or "exigencies" that compelled the search. Since the arrest did not take place inside Plaintiff's house, any exigencies which required the search are particularly relevant here. *See, e.g., Davis v. United States*, 131 S.Ct. 2419, 2424 (2011) ("a police officer who makes a lawful arrest may conduct a warrantless search of the arrestee's person and the area 'within his immediate control.'") (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)). Although the Town argues that Plaintiff's claim must fail given the absence of any named Hampden police officers, the court believes that, for purposes of the Town's liability, the allegation that the search was conducted by its officers is sufficient. And although Plaintiff has not provided specific facts supporting his allegation that the Town of Hampden had a policy or custom that resulted in the unreasonable search of his house, he has provided, albeit barely, "enough detail to

provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ocasio-Hernandez*, 640 F.3d at 12 (quoting *Twombly*, 550 U.S. at 555 and citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, it is the court's recommendation that the Town of Hampden's request to dismiss Count One, to the extent it alleges an unreasonable search, be denied.

2.

As part of Count One, Plaintiff also asserts claims against all Defendants under Section 1983 for violation of his Fifth Amendment substantive due process rights. Although the complaint does not identify how those rights are implicated, Plaintiff has provided some, albeit murky, guidance in his opposition to Defendants' motion to dismiss. In essence, Plaintiff asserts due process violations based on the use of excessive force to arrest him.

As indicated, the court is recommending the dismissal of Plaintiff's excessive force claim under the *Fourth* Amendment. Nonetheless, Plaintiff argues that his excessive force claim should be considered as a violation of his *Fifth* Amendment substantive due process rights because his injury was suffered as a result of arbitrary government conduct and "shocks the conscience." *Compare Evans v. Avery*, 100 F.3d 1033, 1036 (1st Cir. 1996) (police officers' conduct during pursuit did not shock the conscience and therefore did not give rise to a substantive due process claim). In so arguing, however, Plaintiff disregards the First Circuit's careful distinction that, only *"outside the context of a seizure*, [have] appellate courts . . . noted that a person injured as a result of police misconduct may prosecute a substantive due process claim under Section 1983." *Id.* (emphasis added). Plaintiff also ignores the Supreme Court's

directive that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham,* 490 U.S. at 395. Thus, to the extent Plaintiff attempts to assert a violation of his Fifth Amendment rights based on excessive force, the court recommends that Defendants' motion be allowed.

3.

Plaintiff also asserts in Count One a violation of his Eighth Amendment rights. Since his complaint fails to articulate how those rights were violated, the court has little choice but to recommend that the motion to dismiss this part of Count One be allowed as to all Defendants. To be sure, Plaintiff's opposition to Defendants' motion endeavors to shed some light on the claim; in essence, Plaintiff argues that the Hampden Officers' depiction of Plaintiff as "dangerous" misled the state court judge and resulted in his being held without bail. As is obvious, however, this explanation falls well outside the four corners of the complaint. Even if credited, such a tenuous cause-and-effect argument, in the court's opinion, is insufficient to establish an Eighth Amendment violation.

4.

Finally as to Count One, Plaintiff maintains that he can pursue a Section 1983 claim against the Town of Hampden and the Hampden Officers for malicious prosecution. The court disagrees.

To be sure, the Supreme Court has not yet made clear whether such a malicious

prosecution claim may be maintained under the umbrella of Section 1983. *See Wallace v. Kato*, 549 U.S. 384, 390 n. 2 (2007) ("We have never explored the contours of a Fourth Amendment malicious-prosecution suit under Section 1983 and we do not do so here. Assuming without deciding that such a claim is cognizable under section 1983, petitioner has not made one."). The First Circuit has similarly noted that "whether a malicious prosecution claim is cognizable under the Fourth Amendment and Section 1983" remains an "unanswered question," although in the particular case before it the court "assume[d], without deciding, that malicious prosecution can embody a Fourth Amendment violation and, thus, ground a cause of action under section 1983." *Harrington v. City of Nashua*, 610 F.3d 24, 30 (1st Cir. 2010); *see also Britton v. Maloney*, 196 F.3d 24, 28 (1st Cir. 1999) ("[e]very circuit to have considered the question . . . has expressed general agreement with the view that state actors who pursue malicious prosecutions against others may be held to have violated the Fourth Amendment, thereby risking the imposition of liability under [Section] 1983.").

Assuming for present purposes that a malicious prosecution claim can be maintained under Section 1983, Plaintiff, to prevail, must show "a deprivation of liberty, pursuant to legal process, that is consistent with the concept of a Fourth Amendment seizure." *Id.* And, in accord with directives from the Massachusetts Supreme Judicial Court, Plaintiff "must establish that the criminal action was brought maliciously, without probable cause, and has been terminated in favor of [him]." *Wynne v. Rosen*, 464 N.E.2d 1348, 1349 (Mass. 1984). The court, however, finds that Plaintiff has failed to adequately plead a Section 1983 claim. At best, Plaintiff asserts, in a somewhat convoluted way, that Defendants should have known *not* to credit his wife's statements

13

after learning she had a drinking problem but that they nonetheless sought a warrant for his arrest based on her statements. This tenuous assertion, in the court's view, falls far short of constitutional standards.

As explained, a direct malicious prosecution claim requires a showing of malice, a lack of probable cause and resolution of legal proceedings in the plaintiff's favor. *See Wynne*, 464 N.E.2d at 1349. Granted, Plaintiff's complaint refers to Defendants' "malicious acts," but does so without offering any facts supporting malice. As to lack of probable cause, Plaintiff's complaint makes much of the fact that the Hampden Police Department took seriously complaints made by his wife, while intoxicated, regarding his threatening behavior and abuse; the court is unaware, however, of any law or policy that proscribes a police response to complaints or emergency calls made by intoxicated citizens. In addition, the police had also received a telephone call from Plaintiff's neighbor reporting aggressive and threatening behavior on his part.

In sum, given the absence of any supporting facts alleging malice, the court is unable "to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. at 1949, let alone liable for malicious prosecution fashioned as a civil rights claim under Section 1983. Accordingly, it will be the court's recommendation that Defendants' motion as to this count be allowed.

B.  Count Two:Section 1983 Supervisory Liability against the Town of Hampden and Farnsworth

Plaintiff's claim in Count Two under Section 1983 is directed against the Town of Hampden and Farnsworth, in his individual capacity, for failure to train or supervise the individual Defendants in "proper investigative techniques" which, in turn, resulted in a

violation of Plaintiff's constitutional rights.  Farnsworth is the chief of police.

Section 1983 provides a private right of action "against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Evans*, 100 F.3d at 1036.  While "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*, supervisory officials may be liable on the basis of their own acts or omissions." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009).  Such supervisory liability generally arises in one of two ways:

> either the supervisor may be a 'primary violator or direct participant in the rights-violating incident,' or liability may attach 'if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation.

*Id.* (quoting *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999)).  "[A] supervisor," it should be understood, "need not have actual knowledge of the offending conduct to be liable if he formulates a policy or engages in a custom that leads to the incident." *Howe v. Town of North Andover*, 784 F.Supp.2d 24, 29 (D.Mass 2011) (granting defendant officer's motion to dismiss Section 1983 claim for supervisory liability where complaint alleged neither defendant's personal participation or presence at the incident).

Here, the complaint does not allege that Farnsworth was even present at the time Plaintiff's house was searched.  The complaint is equally silent about what role Farnsworth may have had in crafting a policy or condoning a custom of unlawful searches.  While it is possible that, as chief, Farnsworth may have been responsible for

a policy or custom that led to the allegedly unlawful search, he is sued in his individual capacity only and is not identified as someone responsible for "training or condoning" the "misconduct" that resulted in the alleged violations of Plaintiff's constitutional rights. Thus, it is the court's recommendation that Defendants' motion to dismiss Count Two be allowed as to Farnsworth

As to the same allegations against the Town of Hampden, a town may be liable for "failure to train" under Section 1983 only if the "failure to train reflects a 'deliberate' or 'conscious' choice by a municipality," in other words, "a policy." *City of Canton v. Geraldine Harris*, 489 U.S. 378, 389 (1989). Simply showing that a training program exists for which the city is responsible is not enough to assign liability for a constitutional deprivation. The issue, rather, "is whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent 'city policy.'" *Id.*

Here, Plaintiff's complaint alleges that the Hampden Police Department failed to adequately train and supervise the individual defendants and the Town of Hampden "tacitly acquiesced in, condoned and/or encouraged the individual defendants to engage in unconstitutional misconduct." (Compl. ¶ 42.) Given the allegedly unlawful search of Plaintiff's house and the role, as alleged, that Hampden police officers had in that violation, the court concludes that Plaintiff has sufficiently, albeit barely, stated a claim for supervisory liability against the Town of Hampden. Accordingly, the court will recommend that the motion to dismiss Count Two, as against the Town of Hampden, be denied.

C.      Count Four: Mass. Gen. Laws ch. 12 § 11I against the Hampden Officers

To support a claim under the Massachusetts Civil Rights Act ( the "MCRA"), a plaintiff must show that (1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) the interference or attempted interference was by threats, intimidation or coercion.   Mass. Gen. Laws ch. 12 § 11I. While actions asserted under the MCRA are similar to those pursued under Section 1983, they differ in two respects.  First, civil claims are available under the MCRA against private individuals, "whether or not acting under color of law."  Mass. Gen. Laws ch. 12, § 11H.  Second, as relevant here, "the MCRA is narrower than Section 1983 in that it limits its remedy to conduct that interferes with a secured right 'by threats, intimidation or coercion.'"  *Nolan v. CN8*, No. 10-2239, 2011 WL 3795606, at *6 (1st Cir. Aug. 29, 2011).  Thus, "even a direct deprivation of a plaintiff's rights 'would not be actionable under the act unless it were accomplished by means of one of these three constraining elements.'"  *Id.*  (quoting *Buster v. George W. Moore, Inc.*, 783 N.E. 2d 399, 409 (Mass. 2003)).

As described, the court believes that Plaintiff has sufficiently stated a claim against the Town of Hampden for violating his right to be free from unreasonable searches.  Plaintiff, however, has failed to implicate any of the individually named defendants in this action.  Given the absence of facts alleging that any of those individuals interfered with a secured right "by threats, intimidation or coercion," the court recommends that the Hampden Officers be dismissed from Count Four.

D.     Count Five: Negligence against all Defendants

Plaintiff also charges Defendants with negligence for "failing to properly

17

investigate . . . and in utilizing excessive force and conducting an illegal arrest."

(Compl. ¶ 54.)  Having concluded that the individual officers did not use excessive force,

the court need only consider, for purposes of Count Five, whether Defendants were

negligent in failing to properly investigate the matter leading to Plaintiff's arrest.

As an initial matter, the court notes that, despite naming all Defendants in this

count, Plaintiff concedes in his opposition to Defendants' motion that the individual

defendants cannot be liable for negligence if they were acting within the scope of their

employment.  The Massachusetts Tort Claims Act provides the exclusive remedy for

injuries allegedly caused by the negligent acts or omissions of municipal employees,

*see* Mass. Gen. Laws ch. 258 § 2 ("Public employers shall be liable for injury ... caused

by the negligent or wrongful act or omission of any public employee while acting within

the scope of his office or employment."), and Plaintiff does not appear to allege any

facts indicating that the individual officers were acting outside the scope of their

employment.  Plaintiff conceded as much at the motion hearing.  The court therefore will

recommend that the individual Defendants' motion to dismiss this count be allowed.

As for the Town of Hampden, a public employer under the Massachusetts Tort

Claims Act is liable for injury caused by negligent or wrongful acts of public employees

acting within the scope of their employment.  A town is not liable, however, for claims

based upon the exercise or performance of discretionary acts of an employee acting

within the scope of that employment, "whether or not the discretion involved is abused."

Mass. Gen. Laws ch. 258 §§ 2, 10(b).  Moreover, as the Supreme Judicial Court

explained in *Sena v. Commonwealth*, 629 N.E.2d 986, 989 (1994), "the conduct of law

enforcement officials in investigating potentially criminal conduct and in seeking

warrants for the arrest of those whom they investigate, are discretionary functions and therefore fall within the exception in § 10(b)." *Id.* at 990. That is the situation here. In short, the investigation of Plaintiff's potentially criminal conduct falls squarely within the exception to a public employer's liability under § 10(b) and, therefore, the court will recommend that the Town be dismissed from this claim as well.

E.     Count Six: Negligent supervision against the Town of Hampden and Farnsworth

Plaintiff's final claim charges the Town of Hampden and Farnsworth with negligent supervision for failing to properly train and supervise Hampden police officers. Plaintiff claims that Defendants' failure to train Hampden police officers led to his illegal arrest and the use of excessive force against him. As discussed above, however, the court has determined that Plaintiff has failed to state a claim for excessive force and Plaintiff, as well, has conceded that he has no legitimate claim of illegal arrest given his arrest pursuant to a valid warrant. The only remaining claim, the unreasonable search of Plaintiff's house, is not mentioned in this particular count and so the court will not address it. It is the court's recommendation, therefore, that Defendants' motion to dismiss this count be allowed.

IV.  Conclusion

For the reasons stated, the court recommends that Defendants' motion to dismiss be ALLOWED as to:

1.  Count One, 42 U.S.C. § 1983, false arrest, malicious prosecution, excessive force in violation of the Fourth, Fifth and/or Eighth Amendments against all Defendants, and unreasonable search in violation of the Fourth Amendment as

against the Hampden Officers;

2.  Count Two, 42 U.S.C. § 1983, supervisory liability against the Hampden

Police Department and Farnsworth;

3.  Count Three, 42 U.S.C. § 1983, *Monell* claims against the Town of Hampden,

Hampden Police Department and Farnsworth;

4.  Count Four, Mass. Gen. Laws c. 12 § 11 I, violation of civil rights against all

Defendants;

5.  Count Five, negligence against all Defendants;

6.  Count Six, negligent supervision against the Town of Hampden, Hampden

Police Department and Farnsworth; and

7.  Count Seven, Mass. Gen. Laws c. 12 § 11 I, violation of civil rights against all

Defendants.

The court also recommends that Defendants' motion be DENIED with regard to

Count One, 42 U.S.C. § 1983, unreasonable search in violation of the Fourth

Amendment, as against the Town of Hampden, and Count Two, 42 U.S.C. § 1983,

supervisory liability, as against the Town of Hampden.[2]

---

[2]  The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or
Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations
must file a written objection with the Clerk of this Court **within fourteen (14) days** of the
party's receipt of this Report and Recommendation.  The written objection must
specifically identify the portion of the proposed findings or recommendations to which
objection is made and the basis for such objection.  The parties are further advised that
failure to comply with this rule shall preclude further appellate review by the Court of
Appeals of the District Court order entered pursuant to this Report and
Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275
(1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v.
Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-
79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir.

DATED: November 14, 2011

                                      /s/   Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge      .

---

1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.