UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS MICHEL,                      )
            Plaintiff              )
                                   )
            v.                     ) C.A. NO. 10-cv-30213-MAP
                                   )
THE TOWN OF HAMPDEN, ET AL.,       )
            Defendants             )

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS
(Dkt. Nos. 11 & 21)

March 14, 2012

PONSOR, U.S.D.J.

I. INTRODUCTION

Plaintiff Thomas Michel has filed this action against
the Town of Hampden, the Hampden Police Department, and
Hampden police officers Todd Ely, Michael Cooney, William
Joy, Daniel Devine, and Jeff Farnsworth in their individual
capacities.  The complaint brings several claims under 42
U.S.C. § 1983 for false arrest, malicious prosecution,
unreasonable search and seizure, and excessive force in
violation of the Fourth, Fifth, and Eighth Amendments of the
U.S. Constitution.  The complaint also alleges violations of
Mass. Gen. Laws ch. 12, § 11I, negligence, negligent

supervision, and defamation.

Defendants filed a joint motion to dismiss Counts One through Seven of the complaint (Dkt. No. 11), which was referred to Magistrate Judge Kenneth P. Neiman for a report and recommendation.  On November 14, 2011, Judge Neiman issued his Report and Recommendation to the effect that Defendants' motion should be allowed in part.  (Dkt. No. 21.)  Both sides have filed objections.  For the reasons set forth below, the court will adopt Judge Neiman's Report and Recommendation with one minor exception and allow Defendants' motion to dismiss in part.

## II. <u>BACKGROUND</u>

Judge Neiman's memorandum sets forth a detailed summary of the background of this case, and it is not necessary for the court to recite these facts anew.  For purposes of clarity, Judge Neiman's Report and Recommendation is appended to this memorandum as Exhibit A.  The factual summary may be found on pages 2-4.

In his opposition to Defendants' motion to dismiss, Plaintiff moved for leave to amend.  (Dkt. No. 18.)  Judge Neiman denied Plaintiff's motion (Electronic Order, November

4, 2011), and Plaintiff did not move for reconsideration of this ruling before this court.  Now, in his objections to Judge Neiman's Report and Recommendation, Plaintiff has indicated that he plans to move to amend, but he has not filed any motion.  Instead, Plaintiff has attached as an exhibit the facts that he might include in a future motion to amend.  (Dkt. No. 22, Ex. A.)  Because Plaintiff has filed no formal motion to amend, the court cannot consider these facts.  This memorandum will be anchored in the facts set forth in the only complaint currently before the court, as summarized in Judge Neiman's Report and Recommendation.

### III. <u>DISCUSSION</u>

A. <u>Plaintiff's Objections</u>.

    1. <u>Count One</u>.

Count One brings claims against all Defendants under § 1983 for violations of the Fourth, Fifth, and Eighth Amendments.  Plaintiff argues that, with the exception of the false arrest claim and all claims against the Hampden Police Department, which he agreed to voluntarily dismiss, the motion to dismiss should be denied as to Count One.

    a. <u>Fourth Amendment</u>.

Judge Neiman recommended that Plaintiff's Fourth
Amendment claim of excessive force be dismissed as to all
Defendants and his claim of unreasonable search and seizure
be dismissed as to all Defendants except the Town of
Hampden.

Plaintiff first argues that Judge Neiman ignored
Plaintiff's allegation that Hampden police officers used
excessive force when they "exaggerated the seriousness of
the situation" to the Massachusetts State Police, who
effectuated the arrest.  (Compl. ¶ 18.)  Plaintiff offers no
support for the theory that merely providing information,
even if exaggerated, can constitute use of force.  However,
assuming it could, these communications were objectively
reasonable as a matter of law, in light of the statements
made by Plaintiff's wife that Plaintiff threatened to kill
her and any officers who came to her aid.

Plaintiff further argues that Judge Neiman improperly
concluded that the complaint does not allege that the named
individual Defendants participated in the search of
Plaintiff's home.  Plaintiff appears to argue that the
officers' participation can be inferred from the fact that

they are identified as Defendants in the Count.  However,
because the complaint states only that "Hampden Police"
conducted an illegal search, without naming any individual
officers, Judge Neiman properly concluded that the court
cannot draw this inference.

     b. <u>Fifth Amendment</u>.

With regard to the Fifth Amendment claim, which is also
based on the use of excessive force, Judge Neiman found that
claims of excessive force by police officers in the context
of a seizure must be analyzed under the Fourth Amendment,
not the Fifth Amendment.  <u>See</u> <u>Evans v. Avery</u>, 100 F.3d 1033,
1036 (1st Cir. 1996).

Plaintiff argues that he has alleged conduct outside
the context of a seizure that violated his right to
substantive due process, including that Defendants
maliciously procured an arrest warrant, exaggerated the
situation to state police, illegally searched Plaintiff's
home, prosecuted him based on false evidence, and made
defamatory statements to the media.  Plaintiff, however, has
failed to plead sufficient facts to meet the high "shocks
the conscience" standard necessary to state a substantive

due process claim.

      c. <u>Eighth Amendment</u>.

Judge Neiman recommended that Plaintiff's Eighth Amendment claim also be dismissed because the complaint fails to articulate how Plaintiff's rights were violated. Plaintiff argues that the claim is based on the allegedly wrongful denial of his bail. However, the complaint contains no allegation that Plaintiff was denied bail; a brief mention of a "dangerousness hearing" is insufficient to state a claim. (Compl. ¶ 13.)

      d. <u>Malicious Prosecution</u>.

Finally, Judge Neiman found that Plaintiff has also failed to state a claim for malicious prosecution because he has failed to plead malice or lack of probable cause. Plaintiff's argument against Judge Neiman's recommendation seems to be that, because his wife was known to abuse alcohol, the police should have ignored her complaints. His allegations that they took her complaints seriously despite her intoxicated state, according to Plaintiff, are sufficient to plead both malice and lack of probable cause. This argument is entirely without merit.

6

Consequently, the court will adopt Judge Neiman's recommendation and allow the motion to dismiss as to Count One, with the exception of the unreasonable search and seizure claim against the Town of Hampden.

2. <u>Count Two</u>.

Count Two alleges that the Town of Hampden, the Hampden Police Department, and the individual defendant Farnsworth are liable under § 1983 for the alleged violations of Plaintiff's constitutional rights because they failed to train or supervise individual officers. Plaintiff agreed to voluntarily dismiss the claim against the Hampden Police Department. Judge Neiman recommended that the claim against Farnsworth be dismissed as well, because there is no allegation that he had any role in crafting the policy or condoning the custom that resulted in the alleged constitutional violations.

Plaintiff argues that, because Farnsworth was the chief of the Hampden Police Department, it can be inferred that he was directly involved in the individual officers' training and supervision. However, Farnsworth is sued in his individual capacity only and, without any mention in the

7

complaint of Farnsworth's role in the training or
supervision of any officers, the court cannot simply infer
culpable conduct without concrete factual allegations.  The
court will adopt Judge Neiman's recommendation and allow the
motion to dismiss as to Count Two against Farnsworth and the
Hampden Police Department.

    3. <u>Count Three</u>.

    Count Three asserts a § 1983 claim against the Town of
Hamden for the same constitutional violations asserted in
Count One.  As explained in Judge Neiman's Report and
Recommendation, the Count Three claims are indistinguishable
from the Count One claims against the Town of Hamden.
However, although Judge Neiman recommended that the motion
to dismiss be denied with regard to the unreasonable search
and seizure claim against the Town of Hampden in Count One,
he recommended that the motion be allowed as to Count Three
in its entirety.  Because the two claims are identical, the
court will deny the motion to dismiss as to the unreasonable
search and seizure claim against the Town of Hampden in
Count Three, and will allow the motion to dismiss as to
Count Three in all other respects.  In this minor respect

this court will decline to adopt the report and recommendation in its entirety.

4. <u>Count Five</u>.

Count Five alleges negligence by all Defendants.  With respect to this Count, Plaintiff objects only to Judge Neiman's recommended dismissal of Farnsworth.  Plaintiff argues that Farnsworth was not acting within the scope of his employment and, thus, can be held liable for negligence under the Massachusetts Tort Claims Act.  The decision on which Plaintiff relies, however, is completely inapposite. <u>See</u> <u>Sena v. Commonwealth</u>, 417 Mass. 250, 257 n.5, 629 N.E.2d 986 (1994) (discussing what constitutes a discretionary function for purposes of Mass. Gen. Laws ch. 258, § 10(b)). Plaintiff has not alleged any facts to indicate that Farnsworth was not acting within the scope of his employment.  Indeed, Plaintiff has not alleged any facts to indicate that Farnsworth was even involved in investigating the incident or effectuating Plaintiff's arrest.  The court will adopt Judge Neiman's recommendation and allow the motion to dismiss as to Count Five.

5. <u>Count Six</u>.

Count Six alleges that the Town of Hampden and
Farnsworth were negligent in supervising and training
Hampden police officers, resulting in their use of excessive
force against Plaintiff and Plaintiff's false arrest.
Plaintiff argues that Judge Neiman improperly limited his
analysis of Count Six to the excessive force and false
arrest claims and should have considered the unreasonable
search and seizure claim as well.  The court disagrees.
Count Six explicitly states that the failure to train and
supervise resulted in "utilizing excessive force and
conducting an illegal arrest," but at no point mentions the
search of Plaintiff's home.  (Compl. ¶ 58.)  The court will
adopt Judge Neiman's recommendation and allow the motion to
dismiss as to Count Six.

B. <u>Defendants' Objections</u>.

Defendants object to Judge Neiman's recommendation that
the motion to dismiss be denied as to the unreasonable
search and seizure claims against the Town of Hampden in
Counts One and Two.  Defendants argue that this
recommendation is inconsistent with Judge Neiman's
recommendation that the unreasonable search and seizure

claim be dismissed against the individual Defendants, because a municipality cannot be held liable without an underlying constitutional violation by municipal employees. However, Plaintiff has alleged sufficient facts to state a claim of an unreasonable search and seizure by Hampden police officers.  The claim against the individual Defendants will be dismissed only because those specific officers were not alleged to have participated in the search.  (Compl. ¶ 29.)  As Judge Neiman noted, the allegation that the search was conducted by Hampden police officers is sufficient, at least at this stage, to justify denial of the motion to dismiss offered by the Town, even though the individual officers have not been identified. This issue may be re-visited on a motion for summary judgment if Plaintiff is unable to provide concrete evidence that officers of the town of Hampden were involved.

Defendants also argue that Plaintiff has failed to plead sufficient facts of a municipal custom or policy to survive a motion to dismiss.  This court, however, agrees with Judge Neiman that, although Plaintiff has not provided specific facts, his allegations that the Town had a policy

that resulted in the unlawful search is sufficient at this stage of the proceedings.

The court will adopt Judge Neiman's recommendation and deny the motion to dismiss as to the unreasonable search and seizure claims against the Town of Hampden in Counts One and Two.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the court upon <u>de novo</u> review hereby ADOPTS Magistrate Judge Neiman's Report and Recommendation (Dkt. No. 21), except as to the recommendation that Count Three be dismissed against the Town of Hampden.  The court hereby ALLOWS Defendant's Motion to Dismiss (Dkt. No. 11) in part.  Specifically, the court allows the motion to dismiss as to (1) Count One, with the exception of the unreasonable search and seizure claim against the Town of Hampden only; (2) Count Two against the Hampden Police Department and Farnsworth; (3) Count Three against the Hampden Police Department and Farnsworth; (4) Count Four; (5) Count Five; (6) Count Six; and (7) Count Seven.  The court denies the motion to dismiss as to the unreasonable search and seizure claims against the Town of

Hampden in Counts One, Two, and Three.  The case is referred
to Magistrate Judge Neiman for a scheduling conference.

It is So Ordered.


/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge